IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KEVIN SILAS,                    :    CIVIL ACTION
                                :    NO. 08-0659
          Petitioner,           :
                                :
     v.                         :
                                :
COMMONWEALTH OF PENNSYLVANIA     :
                                :
          Respondent.           :
                                :


M E M O R A N D U M

EDUARDO C. ROBRENO, J.                        September 19, 2011


## I.   INTRODUCTION

          On November 1, 1982, Petitioner was found guilty of
second-degree murder, robbery, and criminal conspiracy.  He
received a life sentence for the murder conviction and concurrent
sentences of ten to twenty years and five to ten years for the
robbery and conspiracy convictions, respectively.  See
Commonwealth v. Silas, 547 A.2d 440 (Pa. Super. Ct. 1988)
(table), doc. no. 10, ex. 1.

          Petitioner has filed various appeals in Pennsylvania
state court.  The direct appeal of his convictions was
unsuccessful.  See id.  And Petitioner has also filed six state
collateral appeals under Pennsylvania's Post Conviction Relief
Act ("PCRA").  The first five PCRA appeals were dismissed as
untimely.  In the sixth PCRA appeal, filed on September 9, 2010,

Petitioner sought an exception from PCRA's one-year statute of limitations on two grounds: (1) that facts on which his claim is predicated could not be discovered with due diligence; and (2) that either the U.S. Supreme Court or Pennsylvania Supreme Court announced, after the limitations period expired, a new rule entitling him to relief that applies retroactively.[1]  (Pet'r's Pet. for Post Conviction Collateral Relief, doc. no. 10-5, at 3.)

Petitioner filed the pro se Petition for habeas relief pursuant to 28 U.S.C. § 2254 on February 8, 2008.  ("Motion to 'Stay and Abey,'" doc. no. 1.)  On February 20, 2008, the Court dismissed the case without prejudice for failure to complete the proper form.  Petitioner filed the proper form on March 27, 2008 (hereinafter "the Petition").[2]

In the Petition, Petitioner alleges three grounds for relief: (1) that the state court lacked jurisdiction; (2) that his conviction was supported by evidence obtained by an unreasonable search and seizure; and (3) that he was the subject of an unlawful arrest.  Notwithstanding the merits, all of

---

[1] Petitioner did not address the federal statute of limitations for habeas relief in his habeas petition.

[2] On April 2, 2008, the case was stayed and placed in civil suspense pending Petitioner's exhaustion of state remedies. (Doc. no. 2.)  On September 22, 2010, Petitioner requested that the case return to the active docket.  (Doc. no. 6.)  On September 23, 2010, the Court entered an Order requiring Respondent to submit its reply to the Petition by October 4, 2010, which was extended to November 4, 2010.  (Doc. nos. 7, 9.)  At that time, the Petition became ripe for disposition.

Petitioner's grounds for relief are barred by AEDPA's statute of limitations.

## II.  DISCUSSION

For the foregoing reasons, the Petition will be dismissed with prejudice because the limitations period has run on the grounds for relief raised.  Furthermore, Petitioner is not entitled to statutory or equitable tolling.

### A.  Calculating the Limitations Period

The federal Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for filing habeas petitions.  18 U.S.C. § 2244(d)(1) (2006).  The limitation period runs from the latest of one of four events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. § 2244(d)(1)(A)-(D).

-3-

Petitioner was sentenced on November 1, 1982.  The Superior Court of Pennsylvania affirmed the conviction on June 14, 1988.  Commonwealth v. Silas, 547 A.2d 440 (Pa. Super. Ct. 1988) (table), doc. no. 10, ex. 1, at 2.  Petitioner did not seek further appellate review.[3]  Commonwealth v. Silas, No. 1121 Phila., 1997 (Pa. Super. Ct. Feb. 24, 1999), doc no. 10, ex. 2, at 3.  Therefore, Petitioner's judgment became final on July 14, 1988.  See 42 PA. CONS. STAT. § 5571(b) (1981) (providing for thirty-day period to file appeal).  However, because Petitioner's conviction became final before the effective date of AEDPA, that is, April 24, 1996, the limitations period runs from the effective date.  See, e.g., Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003).  Therefore, Petitioner had until April 24, 1997 to file a habeas application.

The limitations period cannot run from any of the alternate dates provided by AEDPA.  Petitioner failed to assert in the Petition that the limitations period should run from a later date.  See Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982) (holding that habeas petitioner bears burden of proving requisite substantive and procedural elements of claim).

_____

[3] Petitioner's application provides that the Pennsylvania Supreme Court denied review of his sentence under the section dealing with direct review. The date listed is July 21, 1999, which is the date the Pennsylvania Supreme Court denied collateral review of a PCRA petition. See Commonwealth v. Silas, 740 A.2d 1146 (Pa. 1999) (table).

Notwithstanding Petitioner's failure to carry this burden, there is no indication that Petitioner was impeded from filing his application by state action, <u>see</u> 28 U.S.C. § 2244(d)(1)(B), nor that a factual predicate of his claims could not have been discovered through due diligence, <u>see</u> <u>id.</u> § 2244(d)(1)(D).

Petitioner's only viable argument that the Petition is timely falls under subparagraph (C).  In his sixth PCRA appeal, Petitioner suggests that his state petition is not time-barred under the Pennsylvania limitations period because of a new rule announced in <u>Graham v. Florida</u>, 130 S. Ct. 2011 (2010).  In <u>Graham</u>, the Court held that the Eighth Amendment prohibits a life-without-parol sentence on a juvenile for a non-homicide offense.  <u>Graham</u>, 130 S. Ct. at 2034.  Even if Petitioner raised this consideration to permit review of his federal habeas application, the argument would fail.  First, there is no indication that <u>Graham</u> was "made retroactively applicable to cases on collateral review."  <u>See</u> 28 U.S.C. § 2244(d)(1)(C).  Second, the rule in <u>Graham</u> does not apply to Petitioner.  Petitioner was eighteen years old when he committed the offenses for which he was charged, and he committed a homicide.  Therefore, the <u>Graham</u> rule does not apply.

The limitations period runs from the effective date of AEDPA, April 24, 1996. Petitioner filed the application on February 8, 2008.  Therefore, the application is time-barred.

B.    <u>Petitioner is Not Entitled to Statutory Tolling</u>

Petitioner cannot rely on any PCRA petition to toll the limitations period.  The limitations period is tolled "while a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  A state post-conviction petition that is denied as untimely is not a "properly filed application" for purposes of AEDPA's tolling provision.  <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 417 (2005).

None of Petitioner's PCRA petitions tolls AEDPA's statute of limitations.  The first and second PCRA petitions were dismissed before the limitations period began in April 24, 1996 and are, therefore, immaterial.  Petitioner's third, fourth, and fifth PCRA petitions were dismissed as untimely and, therefore, did not toll the limitations period.  <u>See</u> <u>id.</u>  And the sixth petition, filed on September 9, 2010, was filed after the limitations period expired.  <u>See</u> <u>Johnson v. Hendricks</u>, 314 F.3d 159, 161-62 (3d Cir. 2002) (acknowledging that a properly filed post-conviction petition does not reset the limitations period).  Therefore, none of Petitioner's PCRA petitions tolls the statute of limitations.

C.    <u>Petitioner is Not Entitled to Equitable Tolling</u>

AEDPA's limitations provision is subject to equitable

tolling by this Court.  See Urcinoli v. Cathel, 546 F.3d 269, 272 (3d Cir. 2008).  Petitioner bears the burden of establishing that (1) an extraordinary circumstance stood in his way and (2) that he was diligently pursuing his rights.  See Pace, 544 U.S. at 418; Urcinoli, 456 F.3d at 273.  The Third Circuit has identified three circumstances when equitable tolling is appropriate: "if (1) the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." Urcinoli, 546 F.3d at 272 (internal quotation marks removed).

Petitioner has not presented any argument that the statute of limitations should toll.  The claims he raised were available to him nearly two decades before he filed the Petition. But he "waited years, without any valid justification, to assert [his claims]." Pace, 544 U.S. at 419.  Petitioner failed to diligently pursue his claims and, therefore, is not entitled to equitable tolling.  See id.

## III. Certificate of Appealability

When a district court issues a final order denying a § 2254 application, the Court must also decide whether to issue or deny a Certificate of Appealability ("COA"). FED. R. GOVERNING SECTION 2254 CASES 11(a).  The Court may issue a COA "only if the

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The U.S. Supreme Court has prescribed the following standard for denials of the writ based on procedural grounds:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, Petitioner's Petition is time-barred because of extraordinary delay. There is no legal or factual issue that could be resolved by further review. Therefore, a COA will be denied.

## IV. Conclusion

For the reasons set forth above, the Petition will be denied with prejudice and a Certificate of Appealability will not issue. Petitioner's Motion to Stay and Abey will be denied as moot. An appropriate order will follow.